IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 95-00151 DAE |
| | ) | CV. NO. 03-00546 DAE/BMK |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KHANG KIEN TRAN, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 PETITION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant's Motion and the supporting and opposing memoranda, the Court DENIES Defendant's Motion For Reconsideration of Order Denying Defendant's 28 U.S.C. § 2255 Petition.

BACKGROUND

On July 8, 1998, Defendant Khang Kien Tran was charged in the Third Superceding Indictment ("Indictment") with the following crimes: conspiring with co-defendant Christine Huyhn and at least 5 others to possess with intent to distribute more than 100 grams of crystal methamphetamine ("ice") between the summer of 1994 and February 2, 1996 (Count 1); distributing more

than 100 grams of ice on January 27, 1995 (Count 2); possession with intent to distribute more than 100 grams of ice on January 27, 1995 (Count 3); carrying a firearm during and in relation to a drug trafficking crime on January 27, 1995 (Count 4); and being a felon in possession of a firearm on January 27, 1995 (Count 5).

On December 10, 1998, Defendant entered into a plea agreement with the government and pled guilty to Counts 2 and 5 of the Indictment. Pursuant to the plea agreement, the government dismissed Counts 1, 3, and 4 of the Indictment. On September 8, 2000, the Court sentenced Defendant to 360 months of incarceration as to Count 2 and 120 months as to Count 5, both to run concurrently. In addition, the Court ordered a five-year period of supervised release with regard to Count 2, and three years with regard to Count 5, also to run concurrently.

Defendant filed an appeal on April 16, 2001, to the Ninth Circuit Court of Appeals in which he raised the following issues: (1) whether counsel provided constitutionally effective assistance; (2) whether the government breached its principal obligations under the Plea Agreement; and (3) whether the Court erred in calculating the appropriate guideline range. On January 31, 2002, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction and found that

the record was not sufficiently developed to permit review of ineffective assistance of counsel claim. United States v. Tran, No. 00-10430, 2002 WL 169626, **1 (9th Cir. 2002). Moreover, the court found that the government did not breach the plea agreement, and the waiver of Defendant's right to appeal this Court's calculation of sentencing guideline range was enforceable. Id. at **2. On October 7, 2002, the U.S. Supreme Court denied Petitioner's writ of certiorari. Tran v. U.S., 537 U.S. 935 (2002).

    A.    Defendant's Petition to Vacate Sentence Pursuant to 28 U.S.C. § 2255

On October 6, 2003, Defendant filed a Petition To Vacate, Set Aside, or Correct Sentence and Memorandum in Support of Petition Under 28 U.S.C. § 2255 ("§ 2255 Petition"). This Court issued an Order on February 3, 2004, denying Defendant's 28 U.S.C. § 2255 Petition. ("Order of February 3"). Defendant filed a Notice of Appeal on February 18, 2004,. On March 1, 2003, Defendant filed an Application for Certificate of Appealability pursuant to 28 U.S.C. §§ 2255, 2253. Defendant's Application for a Certificate of Appealability was denied by this Court on May 7, 2004 ("Order of May 7").

B.  <u>Defendant's Motion to Strike § 2255 Petition, Motion for Extension of Time to Re-file § 2255 Petition, and Motion for Court Sanctions Against Defendant's Attorney</u>

Prior to this Court's Order of February 3 denying Defendant's Application for a Certificate of Appealability, Defendant filed on March 25, 2004, a motion to strike Defendant's own § 2255 Petition ("Motion to Strike"), a motion for an extension of time to re-file Defendant's § 2255 Petition ("Motion for Extension"), and a motion for sanctions against Defendant's attorney ("Motion for Sanctions"). On May 7, 2004, this Court denied Defendant's Motion to Strike, Motion for Extension, and Motion for Sanctions ("Order of May 7").

C.  <u>Defendant's Motion for Reconsideration of Order denying Defendant's § 2255 Petition</u>

On August 18, 2004 Defendant filed the instant Motion for Reconsideration of this Court's Order of February 3 ("Motion for Reconsideration"). The Government filed a Memorandum in Opposition to Defendant's Motion for Reconsideration on October 29, 2004.

## DISCUSSION

A.  Defendant's motion for reconsideration is a successive § 2255 petition and thus must be certified by a panel of the Ninth Circuit prior to district court review

In his "motion for reconsideration", Defendant seeks relief from the Court's denial of his § 2255 petition. Defendant's motion purports to be a motion requesting that the Court reconsider the basis for its denial of his petition. However, the purported motion for reconsideration raises issues never addressed by Defendant in his original § 2255 petition. The first petition filed by Defendant challenged his sentence based on allegations of ineffective assistance of counsel and prosecutorial misconduct; the instant motion for reconsideration challenges his sentence based on the Supreme Court's ruling in Blakely v. Washington.

Under 28 U.S.C. § 2255, a second or successive habeas petition will be allowed only when the petition is certified by a panel of the appropriate United States Court of Appeals. 28 U.S.C. § 2255. When the petition is not based on newly discovered evidence, the appellate court must certify that the filing satisfies two criteria: (1) the petition asserts a new rule of constitutional law that has been made retroactive to cases on collateral review by the Supreme Court, and (2) this legal argument was previously unavailable to Defendant. 28 U.S.C. § 2255. Thus,

if Defendant's motion for reconsideration is construed as a second or successive petition, it has been improperly filed in the district court prior to certification by the Ninth Circuit Court of Appeals, and must therefore be denied.

As the Ninth Circuit has explained, three schools of thought have emerged within the federal court system regarding methods for determining whether a motion brought by a habeas petitioner should be treated as a second or successive habeas petition. Hamilton v. Newland, 374 F.3d 822, 823 (9th Cir. 2004). "[S]ome courts have decided that Rule 60(b) motions are never second or successive petitions; others have decided that they always are; and still others have taken a moderate approach that proceeds with a case by case examination of the relief sought in the Rule 60(b) motion." Id. at 823 (citing Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003)). The Ninth Circuit has adopted the latter approach, holding that "there is no bright line rule that every 60(b) motion in a habeas corpus case is treated as a second or successive habeas petition[.]" Hamilton v. Newland, 374 F.3d 822, 823 (9th Cir. 2004) (internal citations omitted); Thompson v. Calderon, 151 F.3d 918, 921, n.3 (9th Cir. 1998); see also United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998); Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995); Guinam v. Delo, 5 F.3d 313, 316 (8th Cir. 1993); Dunlap v. Litscher, 301 F.3d 873, 875-76 (7th Cir. 2002); Rodwell, 324 F.3d at 70-71.

Those courts that adopted the moderate, fact-intensive approach construe a motion for reconsideration as a second or successive § 2255 petition "[w]hen the motion's factual predicate deals primarily with the constitutionality of the underlying state conviction or sentence." Rodwell, 342 F.3d at 70. Rule 60(b) motion for reconsideration standards, however, should be applied when the "motion's factual predicate deals primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief." Id. The court will determine whether a motion is a successive 28 U.S.C. § 2255 petition by looking at the essence of the motion rather than the label of the motion. Rodwell, 342 F.3d at 71. Essentially, "when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b) ... the Rule 60(b) motion should be treated as a successive habeas petition." Thompson, 151 F.3d at 921; see also Rodwell, 342 F.3d at 70 (stating that if a motion "is the functional and practical equivalent of an application for habeas relief," the motion would be considered a second or successive habeas petition); Dunlap, at 876 (expressing that if a particular motion encroaches upon the "territory occupied by AEDPA," the motion would be considered a second or successive habeas petition, subject to AEDPA requirements); Rich, 141 F.3d at 551 (stating that "[t]here is a

7

trend among circuit courts to look beyond the formal title affixed to a motion if the motion is the functional equivalent of a motion under § 2255").

More succinctly, the Ninth Circuit has established that, where "habeas petitioners raised for the first time in their Rule 60(b) motions new constitutional challenges to their state court convictions that they urged as independent bases for habeas relief," those filings would be treated as second or successive § 2255 petitions. Hamilton, 374 F.3d at 824. However, "when [defendant] wishes a court to reconsider claims it has already decided," then that filing is properly considered a motion for reconsideration. Id. at 825.

Defendant's instant motion is essentially a second or successive 28 U.S.C § 2255 Petition. In Defendant's motion, he argues that in light of the holdings in Blakely v. Washington and United States v. Ameline, the Court's Order of February 3, which denied his § 2255 petition, should be reconsidered. However, the Order of February 3 dealt solely with Defendant's claims of ineffective assistance of counsel and prosecutorial misconduct. Defendant's instant motion does not claim that the Order of February 3 was decided with some irregularity or procedural defect. Instead, Defendant is attacking his underlying conviction and sentence, and he is doing so based on an entirely new theory of law. Accordingly, Defendant's motion is not a motion for reconsideration but is

instead a disguised successive 28 U.S.C. § 2255 Petition. As such, Defendant's Petition is required to comply with the certification procedures of 28 U.S.C. § 2244. Therefore, because Defendant's petition has not been certified by a panel of the Ninth Circuit in accordance with federal law, this Court cannot rule on its merits.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion For Reconsideration of Order Denying Defendant's Petition Pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, JAN 4 2005.

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

United States of America v. Khang Kien Tran, CR. NO. 95-00151 DAE, CV. NO. 03-00546 DAE/BMK; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S 28 U.S.C. § 2255 PETITION